**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4567
_____

UNITED STATES OF AMERICA

v.

JAMAL RIDEOUT
a/k/a DUB,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 04-00680-07)
District Judge: Honorable Jan E. DuBois
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 24, 2011

Before: BARRY, AMBRO, and VAN ANTWERPEN, *Circuit Judges*

(Filed: July 13, 2011)
_____

OPINION OF THE COURT
_____

VAN ANTWERPEN, *Circuit Judge*.

A jury convicted Jamal Rideout of conspiracy to distribute more than five kilograms of cocaine and substantive cocaine distribution offenses. Rideout argues that the evidence was insufficient to prove the conspiracy charge and that the District Court improperly admitted evidence at trial. For the following reasons, we will affirm.

## I.

On April 13, 2005, a Grand Jury returned a Fifty-Three Count Superseding Indictment against Rideout and eight other co-defendants.[1] Count One charged all defendants with conspiracy to distribute more than five kilograms of cocaine in Philadelphia and Delaware Counties from July 2003 through October 2004, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Additionally, Rideout was charged with distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and distribution of cocaine within 1,000 of a school in violation of 21 U.S.C. §§ 841(b)(1)(C) and 860(a).

The Superseding Indictment alleged a large-scale cocaine distribution conspiracy. At the top of the conspiracy was defendant Tyrone Smith, who obtained large quantities of cocaine and distributed it to defendant William Green, who in turn redistributed it to defendant Louis Stillis. Stillis then distributed the cocaine to street-level cocaine sellers like Rideout. Rideout and other street-level dealers then sold then cocaine to street-level buyers in the Toby Farms neighborhood of Delaware County, Pennsylvania.

Rideout and three co-defendants went to trial on January 3, 2007. At the close of the Government's case, Rideout moved for judgment of acquittal, but the District Court denied the motion. The jury then convicted Rideout on all counts. The District Court denied Rideout's *pro se* motion for judgment of acquittal, and, on December 4, 2007, the District Court sentenced Rideout to 121 months' imprisonment. Rideout timely appealed.[2]

## II.

---

[1] Five co-defendants pled guilty. Rideout and three co-defendants – Louis Stillis, Tyrone Trader, and Larry Davis – were convicted at trial.

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

On appeal, Rideout argues that the evidence was insufficient to prove his membership in the conspiracy and that the District Court abused its discretion by admitting certain evidence. We reject Rideout's arguments.

**A.**

Rideout first argues that the evidence was insufficient to prove his membership in the conspiracy. When reviewing a challenge to the sufficiency of the evidence, "[w]e must sustain the verdict if, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Rawlins*, 606 F.3d 73, 80 (3d Cir. 2010) (quotations and citation omitted).

"The elements of a charge of conspiracy are: (1) 'a unity of purpose between the alleged conspirators;' (2) 'an intent to achieve a common goal;' and (3) 'an agreement to work together toward that goal.'" *United States v. Pressler*, 256 F.3d 144, 149 (3d Cir. 2001) (quoting *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999)). Moreover, "[a] conspiratorial agreement can be proved circumstantially based upon reasonable inferences drawn from actions and statements of the conspirators . . . ." *United States v. McKee*, 506 F.3d 225, 238 (3d Cir. 2007).

Here, the evidence was sufficient to prove Rideout's membership in the conspiracy. At the conspiracy's inception in the summer of 2003, Rideout went with co-conspirators Stillis, Trader, and William Green to purchase a half-kilogram of cocaine from Tyrone Smith. Additionally, Kenneth Wilson, a co-conspirator who pled guilty and testified at trial, testified that he delivered cocaine to Rideout for Stillis. Finally, the jury heard a wiretapped phone conversation between Rideout and Stillis discussing a large drug deal. In that conversation, Stillis and Rideout discussed acquiring more cocaine and diluting the cocaine they already had.

From this evidence, a rational juror could have determined that Rideout was a member of the conspiracy.

**B.**

Rideout's second argument is that the District Court abused its discretion by admitting evidence seized from Tyrone Smith's residence, including kilogram wrappers, a money counter, drug scales, and other paraphernalia. At opening argument, the Government stated that Smith was the conspiracy's cocaine supplier, and the District Court permitted Pennsylvania State Trooper Michael Skahill to testify about the evidence from Smith's residence. Rideout contends the evidence was irrelevant and unfairly prejudicial. The Government responds that the District Court properly admitted the evidence to corroborate Green's testimony that Smith supplied him with large quantities of cocaine. We agree with the Government.

We review the District Court's admission of evidence for abuse of discretion. *United States v. Bobb*, 471 F.3d 491, 497 (3d Cir. 2006). First, the evidence obtained from Smith's residence was relevant. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable . . . ." Federal Rule of Evidence 401. This threshold is "not high." *United States v. Kemp*, 500 F.3d 257, 295 (3d Cir. 2007) (quotations and citations omitted). Here, the evidence from Smith's residence was relevant to the Government's alleged chain of distribution from Smith to Green and tended to make the existence of the conspiracy more probable.

Nor did the evidence unfairly prejudice Rideout. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Federal Rule of Evidence 403. As we stated in *United States v. Starnes*, "[T]he prejudice against which [Rule 403] guards is *unfair* prejudice – prejudice of the sort which clouds

4

impartial scrutiny and reasoned evaluation of the facts, which inhibits neutral application of principles of law to the facts as found." 583 F.3d 196, 215 (3d Cir. 2009) (quotations and citations omitted). The evidence seized from Smith's residence was admitted for the limited purpose of proving the conspiracy's chain of distribution. The Government then presented extensive direct evidence of Rideout's culpability, including Wilson's testimony that Rideout went with Stillis, Trader, and Green to purchase cocaine from Smith and a wiretapped phone conversation in which Rideout discussed a large-scale drug deal with Stillis. Considering this direct evidence of Rideout's role in the conspiracy, the limited evidence seized from Smith's residence did not unfairly prejudice Rideout. The District Court did not abuse its discretion.

### III. Conclusion

For the foregoing reasons, the District Court properly denied Rideout's motion for judgment of acquittal on Count One and for a new trial on all counts. Accordingly, we will affirm Rideout's conviction and sentence.